Nicholas Ranallo, Attorney at Law #275016
2443 Fillmore Street, #380-7508
San Francisco, CA 94115
(831) 607-9229
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>         Plaintiff,<br><br>v.<br><br>[redacted]<br><br>         Defendant | Case No. 3:15-cv-04443-WHA<br><br>**NOTICE OF MOTION AND MOTION TO QUASH SERVICE AND DISMISS PURSUANT TO 12(B)(4), 12(B)(5), AND 4(M) FOR INSUFFICIENT SERVICE OF PROCESS RESULTING IN LACK OF PERSONAL JURISDICTION** |

## **NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on April 21, 2016 at 8:00 a.m. before the Honorable Judge Alsup in Courtroom 8 – 19th Floor of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant will and hereby does move for an order quashing service in this matter and dismissing the complaint.

Defendant brings this motion pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5) and 4(m) based upon insufficient process and insufficient service of process resulting in a lack of personal jurisdiction over Defendant. Defendant's motion is based on this notice, the accompanying Brief in Support, the declarations and exhibits submitted therewith, and all other papers filed and proceedings held in this action.

DATED: February 29, 2016        NICHOLAS RANALLO, ATTORNEY AT LAW

By: _____/s/ Nicholas Ranallo
Nicholas Ranallo (Cal Bar # 275016)
2443 Fillmore Street, #380-7508
San Francisco, CA 94115
(831) 607-9229
Fax: (831) 533-5073
nick@ranallolawoffice.com

2
NOTICE OF MOTION AND MOTION TO DISMISS

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that on this 29th day of February, 2016, a true and correct copy of the foregoing was transmitted to counsel or record for Plaintiff via ECF, with unredacted copies sent by electronic mail to Plaintiff's counsel of record.

/s/   Nicholas R. Ranallo

Nicholas Ranallo, Attorney at Law

Nicholas Ranallo, Attorney at Law #275016
2443 Fillmore Street, #380-7508
San Francisco, CA 94115
Telephone No.: (831) 607-9229
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>    Plaintiff,<br><br>v.<br><br>[redacted]<br><br>    Defendant | Case No. 3:15-cv-04443-WHA<br><br>**BRIEF IN SUPPORT OF MOTION TO QUASH SERVICE AND DISMISS PURSUANT TO 12(B)(4) AND 12(B)(5) FOR INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS AND RESULTING LACK OF PERSONAL JURISDICTION** |

Comes now Defendant [redacted] by and through his attorney Nicholas Ranallo, and moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(4), 12(b)(5), and 4(m) for insufficient process and insufficient service of process resulting in a lack of personal jurisdiction.

### I.      Introduction and Factual Background

As the Court is by now aware, Plaintiff is a prodigious litigant. Plaintiff has filed 116 actions in this district in the last half-year, and has filed more than 5000 cases across the country over the last several years. The sheer number of cases ensures that Plaintiff will not be able to litigate each in a timely fashion, and Plaintiff has already been plagued by service issues in the cases in this district, including the instant case.[1]

---

[1] Not only are Plaintiff's actual litigation responsibilities too burdensome to effectively handle, but the *requests for more time to complete these responsibilities* have themselves become too burdensome for Plaintiff to handle in a timely manner. See Plaintiff's Proposal for Streamlining Procedure, filed in

1 The instant case was initiated by Plaintiff's filing of a complaint on September 27, 2015 – more than 5 months ago. See ECF No. 1. Following a subpoena to the Defendant's ISP, Plaintiff obtained the identity of the Defendant on January 6, 2016 – nearly three weeks before their original deadline for service, and a month before their extended deadline. See ECF No. 16 at ¶2. After more than two weeks of total inactivity, Plaintiff finally sought leave to file an Amended Complaint naming Defendant as the alleged infringer, mere days before its original time period for service expired. Plaintiff then sought its first extension of time to serve on January 25th, the last day for it to accomplish service under Rule 4(m). This court granted Plaintiff's motion on January 26, 2016, and gave Plaintiff until February 6th to complete service on the Defendant. See ECF No. 17. Notably, Plaintiff did not actually file the amended complaint on the docket at any time.

Plaintiff again sat on its hands for over a week before even getting a summons to its server, and at no time did Plaintiff seek a further extension of its deadline for service. There is ample reason to believe that such a request would have been promptly denied. See, e.g. 3:15-cv-4280, 3:15-cv-4246 and 3:15-cv-4248. Instead, Plaintiff simply disregarded the explicit instructions of this court, and proceeded to effectuate its purported service after this Court's explicit deadline. See Return of Service, ECF No. 19.

For the reasons set forth below, Defendant respectfully requests that this Court dismiss this matter for failure to effectuate service within the applicable time period without a showing of good cause, as it has done in other cases where Plaintiff has failed to diligently pursue its claims.

## II.  Applicable Law and Orders

Federal Rule of Civil Procedure 4(m) dictates that "If a defendant is not served within 90 days[2] after the complaint is filed the court – on motion or on its own after notice to the plaintiff –

---

numerous Malibu Media cases, including 3:15-cv-4287. A copy of Plaintiff's proposal is annexed hereto as Exhibit A.

[2] The time period for Rule 4(m) was recently shortened to 90 days from 120 days (the applicable original period in this case), though the difference is immaterial for the purpose of the instant motion. Plaintiff has far exceeded both periods, and the applicable deadline is that set by the Court in its January 26th Order.

must dismiss the action without prejudice against the defendant…" The court may extend the period for service upon a showing of good cause. Dismissal of a party is appropriate where a Plaintiff fails to show good cause for delays in service. See *Walker v. Sumner*, 14 F.3d 1415,1421-22 (9th Cir. 1994). "Good cause only exists in rare circumstances." *DeGroote v. City of Mesa*, No CV07-1969-PHX-MHM, Order on Motion for Default Judgment (D.Ariz. Feb. 25, 2009). Mere neglect or inadvertence of counsel is not sufficient to constitute good cause. See *Townsel v. Contra Costa County*, 820 F.2d 319 (9th Cir. 1987); *Wei v. State of Hawaii,* 763 F.2d 370 (9th Cir. 1985)(allowing counsel's inadvertent failure to meet deadline to constitute good cause would allow the good cause exception to swallow the rule. It is decidedly the Plaintiff's burden to establish the required good cause. See, e.g. *McWherter v. CBI Services, Inc.* 153 FR.D. 161 (D.Haw. 1994), aff'd. 105 F.3d 665 (9th Cir. 1997); *Bunn v. Gleason*, 250 F.R.D. 86 (D.Mass.2008)(quoting Wright & Miller); *Bachenski v. Malnati*, 11 F.3d 1371 (7th Cir. 1993). Proper service of the summons and complaint is a necessary prerequisite to a Court's assertion of personal jurisdiction against a defendant. See *Mid-Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir. 1991).

### III.   Argument

A. Plaintiff Has Failed To Serve Defendant Within the Time Period Prescribed By Fed. R. Civ. Proc. 4(m) and the Orders of This Court.

As an initial matter, it should be undisputed that Plaintiff has not timely served Defendant in this matter. This Court's Order of January 26th granted Plaintiff's First Motion for an Extension to Serve the Defendant, and unequivocally ordered that it should be accomplished by February 6, 2016. See ECF No. 17. According to Plaintiff's own Affidavit of Service, Plaintiff's purported service was not accomplished until after the deadline.[3] Thus, this court should dismiss Plaintiff's complaint unless Plaintiff establishes good cause for its failure, which it cannot do.

---

[3] Notably, Plaintiff's Affidavit of Service incorrectly indicates that Defendant was served at 4:23 a.m. This is still further evidence of the haphazard way that Plaintiff and its agents have approached this litigation.

3
BRIEF IN SUPPORT OF MOTION TO DISMISS

B. <u>Plaintiff's Did Not Request – And This Court Would Not Have Granted - Additional Time for Service Beyond February 6th.</u>

Despite the fact that Plaintiff did not deliver the summons to the process server until days before its service deadline, at no time did Plaintiff request an extension of the February 6th deadline for service. This is in stark contrast to several other matters pending before this court, wherein Plaintiff did seek a second last-minute extension of its time for service. Indeed, Plaintiff recently sought extensions on the last day to effectuate service in at least three matters before this court, in case nos. 3:15-cv-4280, 3:15-cv-4246 and 3:15-cv-4248. In each matter the requested extension was denied, as this court recognized that Plaintiff's counsel's own failures to diligently prosecute the matter had led to its failure to timely serve the defendant. There is little reason to believe that Plaintiff would have been able to demonstrate the required good cause, had it attempted to seek an additional last minute extension in this matter. Plaintiff had made no effort to diligently prosecute this matter, and could have pointed to no reason why it had waited as long as it had at each step of the process. Instead, they disregarded the deadline set forth by the court, hoping that it would indeed prove easier to ask for forgiveness than permission.

C. <u>Plaintiff Cannot Set Forth Good Cause for this Court to Accept Late Service</u>

As this Court has recognized in several other matters before it, Plaintiff's failure to effectuate timely service cannot be excused for good cause. First, Plaintiff has wasted weeks of its service time, without explanation or excuse. Plaintiff received the ISP subscriber information on January 6th. According to Plaintiff's own statements in other cases, it generally takes three days for Plaintiff to determine who it believes is the proper defendant in a particular matter and (for some reason)[4] an additional two to three days for it to prepare form documents substituting the subscriber name for "John Doe" in the complaint. See Exhibit A, Plaintiff's Proposal for Streamlining Procedure at FN1. Even crediting Plaintiff's suspect timeline, Plaintiff should have been able to seek permission

---

[4] Plaintiff's Amended Complaint in this matter, as in most or all of its other cases, is nearly identical to the original Complaint, with the simple substitution of the Defendant's name or "redacted" for the original "John Doe" in three places, and two other minor changes that appear to be uniform in each of their cases. Compare ECF 1 with ECF 15-3. It is unclear why this would take more than a few minutes to make these changes.

4
BRIEF IN SUPPORT OF MOTION TO DISMISS

to amend sometime around January 11 or January 12th, leaving it two full weeks before its original service deadline and nearly four weeks before its extended deadline of February 6th. Plaintiff squandered this time, however, and made no effort to move this case forward until January 22nd – when it had only three days left until its original deadline. Plaintiff then cried "Emergency!", and filed a motion for an extension of time to serve on the day its original service period ended. Plaintiff's request was nonetheless granted, and Plaintiff was given nearly two more weeks to accomplish service. Plaintiff again squandered nearly the entirety of this period before it even delivered the summons to its process server, and then proceeded to file an incorrect affidavit conceding late service, hoping that this would somehow satisfy the court that it had diligently carried out its responsibilities under Rule 4(m) and this Court's orders. As noted above, however, inadvertence or negligence of counsel does not satisfy the applicable 'good cause' standard. As this Court has previously noted, Plaintiff's "Counsel have not acted diligently. They neglected to timely prepare and file the sealing motion, and they have requested extensions at the last minute…Malibu's failure to timely serve the defendant is the result of flawed follow-through on counsel's part." *Malibu Media v. Doe,* 3:15-cv-4248, ECF No. 25, Order Denying Request for Extension and Dismissing Case for Failure to Timely Serve Defendant, (N.D. Cal. Feb. 17, 2016).

Defendant does not believe that Plaintiff has satisfied its responsibilities nor shown good cause for its failure to do so. As such, Defendant respectfully requests that this Court dismiss this matter pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5).

### D. <u>Plaintiff Failure to Separately File the Amended Complaint Constitutes Insufficient Process Under 12(b)(4).</u>

As is readily apparent from looking at the docket in this case, Plaintiff has not actually filed the Amended Complaint against the putative defendant in this matter, despite being given permission to do so via this Court's January 26th Order. The Northern District of California's instructions for e-filing under seal make it apparent that the separate filing of the document proposed to be sealed is a necessary step in the process. See http://www.cand.uscourts.gov/ecf/underseal ("use the appropriate event to e-file redacted copies of the documents after e-filing your

5

Administrative Motion to File Under Seal…). There can be no doubt that the filing of an Amended Complaint is a necessary prerequisite for proper service of the same. See, e.g. *Alvarez v. Rainbow Textiles, Inc.*, 168 F.R.D. 201 (S.D. Tex. 1996)(holding that service of process was not valid where complaint served had not been filed) . Here, Plaintiff has simply skipped the step. For this reason alone, Plaintiff's complaint should be dismissed.

## **CONCLUSION**

Plaintiff has failed to separately file the Amended Complaint in this matter, and has likewise failed to timely serve the Defendant. Plaintiff cannot show good cause for its failures, which it must do if it is to avoid dismissal. As such, and for the reasons more fully set forth above, Defendant respectfully requests that the Court dismiss this matter.

DATED: February 29, 2016              NICHOLAS RANALLO, ATTORNEY AT LAW

                                      By:  _____/s/ Nicholas Ranallo
                                           Nicholas Ranallo (Cal Bar # 275016)
                                           2443 Fillmore Street, #380-7508
                                           San Francisco, CA 94115
                                           (831) 607-9229
                                           Fax: (831) 533-5073
                                           nick@ranallolawoffice.com

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that on this 29th day of February, 2016, a true and correct copy of the foregoing was transmitted to counsel or record for Plaintiff via ECF, with unredacted copies sent by electronic mail to Plaintiff's counsel of record.

/s/    Nicholas R. Ranallo

Nicholas Ranallo, Attorney at Law