IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.210.99.78,<br><br>Defendant. | No. C 15-04443 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## INTRODUCTION

In this copyright infringement action involving online piracy of pornographic films, defendant moves to dismiss the complaint for insufficient service of process. For the reasons stated below, defendant's motion is **GRANTED**.

## STATEMENT

Since September 2015, plaintiff Malibu Media, LLC has filed 178 copyright infringement actions in this district. The complaints in all such actions are virtually identical. In this action, Malibu Media accuses defendant, an Internet subscriber assigned IP address 98.210.99.78 by his Internet service provider, Comcast Communications, Inc., of copying and distributing forty-two of Malibu Media's copyrighted pornographic films between May 2014 and July 2015. As with each of Malibu Media's actions, it accuses defendant of using a digital file-sharing platform known as BitTorrent to download, copy, and distribute these works.

When it commenced this action on September 27, 2015, Malibu Media could only identify defendant by his Internet Protocol address, which is a numerical identifier assigned to each Internet service subscriber by Comcast. In November 2015, Malibu Media sought leave to serve a third-party subpoena on Comcast for defendant's name and address for the purpose of effectuating service, which leave was granted, subject to a protective order requiring Malibu Media to file any and all documents including defendant's identifying information under seal, with all such information redacted on the public docket.

Malibu Media issued the subpoena two days later. In December, defendant retained counsel, who emailed Malibu Media to advise of the representation, although Malibu Media had not yet received Comcast's response.

On January 6, Malibu Media received Comcast's response. It filed a motion for leave to file an amended complaint (identifying defendant by name) under seal on January 22, which leave was granted on January 26 (Dkt. Nos. 15, 17). The deadline to effect service pursuant to Rule 4(m) was January 25, but the order granting the sealing motion extended that deadline to February 6. Malibu Media's process server served defendant on February 7. Malibu Media never requested a further extension.

Defendant now moves to dismiss the action for insufficient service of process. This order follows full briefing and oral argument.

**ANALYSIS**

Prior to its amendment in December 2015, Rule 4(m) set forth the time limit for service of process as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).[*]

---

[*] On December 1, 2015, Rule 4(m) was amended to set the deadline as 90 days after the complaint is filed. This order applies Rule 4(m) as it stood on the date of the filing of the complaint.

2

Malibu Media concedes that it failed to timely serve defendant by the extended deadline of February 6 and failed to request a further extension. It further acknowledges that, due to a scrivener's error, the return of service erroneously stated that service occurred at 4:23 a.m., rather than 4:23 p.m. It argues that good cause exists to either forgive the untimely service or to permit Malibu Media another opportunity to perfect service.

It took Malibu Media eighteen days from receiving defendant's identifying information before it moved to file its amended complaint under seal, and it blames *defense counsel* for that delay. Malibu Media contends in its brief (but not in any sworn statement) that its counsel asked defense counsel "on a couple occasions" beginning on January 6 (after learning defendant's identity) if defense counsel would accept service for defendant and further contends that defense counsel's failure to respond until January 21 led to these delays (Pl.'s Opp. at 3). Defense counsel, in a sworn declaration, avers that only one such communique occurred — on January 20. Defense counsel responded on January 21 that they were not authorized to accept service (Ranallo Decl. ¶¶ 6–7).

Malibu Media's unsworn claims that defendant dodged service also fall flat. Malibu Media notes that on one occasion, defendant's wife answered the door, but the process server declined to serve defendant via his wife, allegedly to "avoid service issues" (Pl.'s Opp. at 4). The remaining descriptions, involving attempts when no one was home or when no one answered the door, are vague and unpersuasive. (For example, there is no indication that the process server ever attempted service anywhere other than defendant's home.)

Counsel's lack of diligence pervades even the opposition to this motion. Malibu Media notes that it "can obtain" an affidavit from its process server confirming that defendant was dodging service, but it elected to rest only on unsworn attorney argument in opposing this motion. Similarly, it noted that it *will* submit an amended return of service correcting the scrivener's error on the return of service. Three months after filing its opposition, Malibu Media still has not done so (Pl.'s Opp. at 4 n.1, 5).

Malibu Media must bear the cost of its complete lack of diligence. Malibu Media cites *Electric Specialty Co. v. Road & Ranch Suppl, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992), for the

3

proposition that Rule 4(m) is not intended to create "unnecessary technicality in connection with service of process," but is instead "designed to provide maximum freedom and flexibility in the procedures for giving all defendants notice of commencement of the action . . . ." Although that flexibility is important, Rule 4(m) also serves the function of requiring diligence on the part of plaintiff's counsel. To hold otherwise would swallow the requirement of good cause. *See Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985).

In *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 773 (9th Cir. 2004), our court of appeals vacated a district court's decision to dismiss an action case for untimely service. There, the district court was held to have abused its discretion by failing to consider as part of its good cause analysis whether the defendant suffered any prejudice due to untimely service or whether the plaintiff would suffer any prejudice if the case were to be dismissed (such as whether the statute of limitations would expire). Nevertheless, that decision acknowledged that "[l]ack of prejudice *by itself* is not sufficient to establish good cause." *Id.* at 773, n.2.

Here, Malibu Media would suffer minimal prejudice — it would simply need to re-file the case and pay a new filing fee. Indeed, Malibu Media does not even argue that it would suffer any prejudice and notes that "the Court has the discretion to grant Defendant's requested relief" (Pl.'s Opp. at 2). On the other side of the equation, our defendant would suffer moderate prejudice, in that allowing this action to proceed would reward Malibu Media's counsel's lack of diligence, both in effecting service and in opposing this very motion, and it would encourage that diligence as the case progresses. Such a result is especially troubling given that counsel's lack of diligence is a chronic issue throughout Malibu Media's numerous cases in this district. Thus, this order holds that the proper remedy for Malibu Media's complete failure to show good cause for its delay is to dismiss this action without prejudice.

4

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: June 20, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE